HUGHES (FIRST NAT. BANK OF YOUNGTOWN v.). See Case No. 4,811.

## Case No. 6,846.

HUGHES et al. v. HOYT.

[Betts' Scr. Bk. 21.]

Circuit Court, S. D. New York. May 24, 1839.

CUSTOMS DUTIES—CLASSIFICATION—SHAWLS.

[Shawls are liable to a duty of 50 per cent. ad valorem if any part is woolen and not worsted, under Act 1832, § 2, art. 2 (4 Stat. 584), imposing such duty upon "merino shawls made of wool, all other manufactures of wool, or of which wool is a component part," and are not duty free, under Act 1833 (4 Stat. 630), as "worsted stuff goods, shawls, and other manufactures of silk and worsted," unless they were known in the market antecedent to the act of 1832 as worsted or worsted and silk goods. Elliott v. Swartwout, 10 Pet. (35 U. S.) 137, followed.]

[This was an action at law by Hughes and Guynett against Jesse Hoyt, collector, etc., to recover back duties alleged to have been illegally exacted.]

BETTS, District Judge (charging jury). Revenue cases always present difficult questions of construction. Acts imposing duties are not framed with professional precision; they are addressed to business men, and usually employ the style and dialect in common acceptation in commercial dealings. Hence it has become a cardinal rule of interpretation, in respect to tariff laws, to understand their language, not in its strictly accurate sense, grammatical or scientific, nor even as it is used in common parlance, but according to its import as received and understood among mercantile men dealing in the articles made subject to duty. From this, it results that courts, instead of declaring the positive application of these laws, have themselves to depend upon the finding of facts out of the law, for the key to its exposition. The importance of having these laws definite and certain has led the highest court, upon facts found in a particular case, to decide and settle the meaning of terms, and thus furnish a rule of exposition which shall control those terms without any reconsideration or review of the facts. Such interpretation has been supplied by the supreme court, with respect to one of the particulars involved in this case.

The plaintiffs bring their action to recover back a payment of $3.145.11 (and interest) exacted from them by the collector, on three several importations of shawls. Ordinarily, a party coming into court and setting up a right against another must establish his case by affirmative proofs, clear and sufficient as to all material points, and the defendant cannot be called upon to make any justification until the evidence places him decidedly in the wrong. In this class of suits that order of proceeding is in some degree reversed. The collector arrests the property, and holds it until the owners pay the duty he demands, and when they prosecute to recover such coerced payment, he must show authority of law for his proceed-

ing. It accordingly devolves upon the defendant in this case to establish the right of the government to the duty exacted. This depends upon two questions, one of law and the other of fact, arising under the duty acts of July 14, 1832 [4 Stat. 584], and March 2, 1833 [4 Stat. 630]. By the 2d article of section 2 of the act of 1832, a duty is imposed "on worsted stuff goods, shawls, and other manufactures of silk and worsted, of ten per cent. ad valorem," and, "upon merino shawls made of wool, all other manufactures of wool, or of which wool is a component part, 50 per cent. ad valorem." The act of 1833 makes free of duty the articles enumerated in the clause first quoted. The duty of 50 per cent. ad valorem is laid upon these shawls, by the collector, under the second clause as read, upon the ground that they are manufactures of wool, or of which wool is a component part.

The plaintiffs contend that the goods are free of duty, (1) because the act of 1833 embraces every description of shawls, subject to duty by section 2, art. 2, of the act of 1832, except merino shawls. The court does not consider this an open question now; if it was, there would probably be a stronger claim in support of the reading, limiting the exemption to shawls of silk and worsted alone, than that which would apply it to every description of shawls. The sentence is: "Worsted stuff goods, shawls, and other manufactures of silk and worsted," shall be free of duty. In considering the same phraseology, the supreme court, however, decided that it applied to shawls entirely worsted, or worsted with cotton borders. Elliott v. Swartwout, 10 Pet. [35 U. S.] 137. The qualification or epithet worsted was understood as repeated after stuff goods, and annexed to shawls, and accordingly, by force of that decision, it is the ascertained meaning of the law that worsted shawls are free of duty. But it is quite manifest, from the collocation of the word, that the legislature did not intend shawls of every description coming within the range of woolen duties, but a specific quality of shawls; either wholly worsted or indifferently woolen and silk.

The plaintiffs insist these goods are free because they have in market the name of worsted shawls, or worsted and silk; and that, moreover, the general residuary clause of the woolen duty provisions does not comprehend them, even if they are in fact composed of woolen. If the court was now called upon to fix the import of this branch of the law, then would many considerations occur inducing at least some difficulty and hesitation. The duty is not laid simply upon "all manufactures of wool, or of which wool is the component part," leaving it thus only to ascertain the presence of wool in the fabric, in order to apply the tax; but the legislature, in the first instance, imposed 50 per cent. duty "upon merino shawls made

of wool, and all other manufactures," etc., —a mode of expression indicating that no other shawls than merino fall within the tax, and those only when made of wool. This restriction of the duty in respect to shawls would be strongly countenanced by a rule of interpretation of an extensive influence, that when one particular is selected by the legislature out of a class, and made the subject of a charge or a privilege, all others of the same denomination are excluded from the provision. But I consider this point also settled by the decision of the supreme court, before alluded to, and rendered in a case necessarily bringing this branch of the law under examination. This clause of the law is stated and commented upon by the court, and the scope of reasoning goes upon the assumption that if wool, as distinguished from worsted, is a component part of the shawl, the fabric then becomes subject to the duty of 50 per cent. Under what I regard, then, as a distinct declaration of the supreme court upon this subject, I shall rule, that these articles are liable to the woolen duty if any part of the manufacture is wool and not worsted. This is the question of fact. It has been fully and ably reasoned out upon the proofs by the counsel for the parties; the relative weight of the testimony in relation to the intelligence and position of the witnesses has been amply discussed, and the court leaves it, without restating the evidence, for the jury to decide whether these articles are manufactures of wool, or of which wool is a component part. Some portions of them, it is conceded by the district attorney, upon all the evidence, ought not to be charged with the woolen duty; for these the plaintiffs will be entitled to recover the money they have paid, and for such other parts as the jury are satisfied come within the exception. The verdict will be so modified as to leave with the collector such amount of duties, if any, as were rightfully charged. The general question of fact includes also the inquiry, whether articles manufactured as these are had in our market, antecedent to the act of 1832, the appellation of worsted, or worsted and silk goods. If it appears that such was their known denomination, they must be regarded as falling within the list of those articles now made free, notwithstanding there may have been some wool employed in their manufacture. But if not so exempt, they will be subject to the woolen duty, if any part, however small, of the fabric is wool.

The jury found a verdict for the plaintiffs of $2471.72.